## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PUREO NATURAL PRODUCTS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TALIAH WAAJID WORLD | ) | Civil Action No. _____ |
| NATURAL HAIR, HEALTH & | ) | |
| BEAUTY SHOW, LLC and | ) | **JURY TRIAL DEMANDED** |
| TALIAH WAAJID | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff PureO Natural Products LLC ("PureO Natural") files this Complaint against Taliah Waajid World Natural Hair, Health & Beauty Show, LLC ("Taliah Waajid LLC") and Taliah Waajid (collectively, "Defendants"), and in support thereof alleges as follows:

### INTRODUCTION

1.     This action arises out of Defendants' unauthorized use of Plaintiff's trademark HONEYLOC in connection with hair care products. Specifically, this is an action for: trademark infringement; unfair competition, false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark

1

infringement and unfair competition in violation of Georgia common law; and unfair and deceptive trade practices in violation of Ga. Code Ann. § 10-1-370, *et seq*.

## <u>PARTIES</u>

2.     Plaintiff PureO Natural is a Pennsylvania limited liability company with its principal place of business at 3760 Nicholas Street, Easton, Pennsylvania 18045.

3.     Defendant Taliah Waajid World Natural Hair, Health & Beauty Show, LLC is a Georgia limited liability company with its principal place of business at 2451 Cumberland Parkway, Suite 3459, Atlanta, Georgia, 30339.

4.     Upon information and belief, Defendant Taliah Waajid is an individual who resides in Atlanta, Georgia. Upon information and belief, Ms. Waajid is the founder and directs all activities and operations of Taliah Waajid World Natural Hair, Health & Beauty Show, LLC, including the actions complained of herein.

5.     Upon information and belief, Defendants advertise, promote, offer for sale, and sell their HONEY LOCS-branded products to consumers throughout the United States, including within this District, through various retailers and at industry trade shows.

6.     Defendant Taliah Waajid LLC may be served through its registered agent, Taliah Waajid, located at 2451 Cumberland Parkway, Suite 3459, Atlanta, Georgia, 30339.

2

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this action arises under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq*.

8.      This Court has supplemental jurisdiction over Plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over Defendants because they are engaging in the transaction of business in this judicial district, are committing tortious acts within this judicial district, and have otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over them.

10.     Furthermore, upon information and belief, Defendants have purposefully availed themselves of the benefits of doing business in the State of Georgia by advertising, promoting, offering for sale and/or selling infringing products to consumers located in this State. Defendants are thus committing tortious acts in Georgia and have wrongfully caused Plaintiff substantial injury within the State.

11.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## **FACTUAL BACKGROUND**

### **Plaintiff's Creation of HONEYLOC Products**

12.     Nicole Shuler is a hair care professional with more than a decade of experience as a licensed cosmetology educator in Pennsylvania.

13.     Ms. Shuler channeled her passion for the beauty industry into creating all-natural hair care products.

14.     In 2016, Ms. Shuler began developing a new hair care product – HONEYLOC Twisting Gel, which is sold through PureO Natural (see exemplary photo of product below).



15.     The HONEYLOC Twisting Gel product would eventually grow into an entire line of products, including HONEYLOC Shampoo and more (the "HONEYLOC Products").

## The HONEYLOC Trademark

16.    Since at least as early as July 2021, PureO Natural has continuously and exclusively used the trademark HONEYLOC in commerce in the United States in connection with hair care products, including in this state.

17.    The HONEYLOC trademark appears prominently on all HONEYLOC Products and in all advertising and marketing materials for those products.

18.    As a result of substantial advertising, promotion, and sale of hair care products under the HONEYLOC Mark, Plaintiff owns valid and enforceable trademark rights in the HONEYLOC Mark, and the mark serves to identify products made by Plaintiff alone.

19.    In recognition of Plaintiff's exclusive right to use the HONEYLOC mark in commerce in the United States, the U.S. Patent and Trademark Office has issued Plaintiff a federal registration for the mark, namely U.S. Reg. No. 6,995,843 (HONEYLOC). A true and correct copy of the registration certificate is attached as **Exhibit 1**.

20.    The HONEYLOC registration is valid and subsisting in law, was duly and legally issued, is *prima facie* evidence of the validity of the mark registered, and constitutes constructive notice of Plaintiff's ownership of the mark in accordance with Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.

21.     By virtue of Plaintiff's exclusive use of the HONEYLOC trademark in interstate commerce, Plaintiff is the exclusive owner of all rights, title, and interest in and to the HONEYLOC mark and the registration thereof.

**Defendants' Wrongful Conduct**

22.     Upon information and belief, Defendants manufacture, offer for sale, and sell hair care products—including hair gel, mousse, enrichment oil, shampoo, and conditioner—using a nearly identical HONEY LOCS mark (shown below, the "Infringing Mark").



23.     Upon information and belief, Defendants were aware of Plaintiff, its HONEYLOC Products, and its exclusive rights in the HONEYLOC Mark when they began selling their products under the Infringing Mark—without license or consent from Plaintiff.

24. On April 27, 2024, Defendants launched the products bearing the Infringing Mark at Defendants' own industry trade show, the Taliah Waajid World Natural Hair & Healthy Lifestyle Event, in Atlanta, Georgia. At the trade show, at which Plaintiff was also in attendance with its HONEYLOC Products, Defendants were advertising, promoting, offering for sale, and selling products bearing the Infringing Mark in interstate commerce.

25. Plaintiff has attended Defendants' annual industry trade show in previous years advertising Plaintiff's products, including its HONEYLOC Products.

26. Upon information and belief, since as early as February 23, 2024, Defendants have advertised and promoted their "newest #TaliahWaajid Products collection" and used #HONEYLOC in their advertisements. A true and correct copy of Defendants' Instagram post advertising Defendants' newest products is attached hereto as **Exhibit 2**.

27. Upon information and belief, Defendants are distributing, promoting, marketing, advertising, offering for sale, and selling their products to consumers and at industry trade shows. Plaintiff's products are also distributed, promoted, marketed, advertised, offered for sale, and sold at industry trade shows, as well as to wholesale customers. As such, Defendants' products bearing the Infringing Mark are distributed, promoted, marketed, advertised, offered for sale, and sold through

the same channels of trade and to the same consumers as Plaintiff's HONEYLOC Products.

28.    Because Defendants offer goods identical to those of Plaintiff using a nearly identical trademark, Defendants' actions are likely to cause confusion among consumers regarding whether Defendants' goods are sponsored or endorsed by, are associated or affiliated with, or even originate from Plaintiff.

## COUNT ONE
## Federal Trademark Infringement
## (15 U.S.C. § 1114)

29.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-28, inclusive.

30.    Plaintiff has used its HONEYLOC Mark continuously and exclusively in commerce in connection with its goods since at least as early as July 2021.

31.    Plaintiff owns a federal registration for the HONEYLOC Mark, which serves to identify to the public certain goods that are offered by Plaintiff alone, and the goods offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Plaintiff.

32.    Defendants' adoption and use of a mark confusingly similar to the HONEYLOC Mark, in commerce in connection with the sale, offering for sale, or advertising of their own goods without Plaintiff's authorization, is in a manner that

is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods.

33.    Defendants' use of the HONEYLOC Mark infringes Plaintiff's exclusive rights in its protectable federally registered trademark—specifically Registration No. 6,995,843—in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

34.    Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Plaintiff's damage and detriment.

35.    Upon information and belief, Defendants' adoption and use of their Infringing Mark was willful and intended for the purpose of trading off of Plaintiff's reputation and goodwill.

36.    As a direct and proximate cause, Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the HONEYLOC Mark for which Plaintiff has no adequate remedy at law.

37.    Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

38.     As a result of Defendants' wrongful conduct, Plaintiff is also entitled to recover its monetary damages, Defendants' profits, treble damages, and its costs and attorneys' fees, in an amount to be determined at trial.

**COUNT TWO**
**Common Law Trademark Infringement**

39.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-38, inclusive.

40.     By the virtue of its prior adoption and use in interstate commerce of the HONEYLOC Mark in this judicial district and elsewhere, Plaintiff has acquired, established, and owns common law trademark rights in the HONEYLOC Mark, which serves to identify to the public certain goods that are offered by Plaintiff alone, and the goods offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Plaintiff.

41.     Defendants have adopted a mark confusingly similar to the HONEYLOC Mark and use the mark in commerce in connection with the sale, offering for sale, or advertising of their own goods without Plaintiff's authorization, in a manner that is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods.

42.     Defendants' conduct constitutes trademark infringement in violation of the common law of the State of Georgia.

43.    Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Plaintiff's damage and detriment.

44.    Upon information and belief, Defendants' adoption and use of their Infringing Mark was willful and intended for the purpose of trading off of Plaintiff's reputation and goodwill.

45.    Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the HONEYLOC Mark for which Plaintiff has no adequate remedy at law.

46.    Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

47.    As a result of Defendants' wrongful conduct, Plaintiff is also entitled to recover its monetary damages, Defendants' profits, treble damages, and its costs and attorneys' fees, in an amount to be determined at trial.

### COUNT THREE
### False Designation of Origin/Federal Unfair Competition
### (15 U.S.C. § 1125(a))

48.    Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-47, inclusive.

49.     In addition to Plaintiff's federally registered HONEYLOC Mark, Plaintiff possesses rights at common law in the HONEYLOC Mark. Plaintiff has continuously and exclusively used the HONEYLOC Mark in connection with its goods.

50.     Defendants have intentionally adopted and used the Infringing Mark in commerce, without authorization or consent from Plaintiff, in connection with the sale, offering for sale, distribution, and advertising of their hair care products, in an attempt to trade on Plaintiff's goodwill.

51.     Defendants' use of the Infringing Mark is likely to continue to cause confusion, mistake, or deception as to whether Defendants' hair care products originate from, are associated, affiliated or connected with, or are sponsored, endorsed or approved by Plaintiff.

52.     Accordingly, Defendants' conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

53.     Upon information and belief, Defendants have intentionally, knowingly, and willfully adopted and used the Infringing Mark in an unauthorized manner.

54.     As a result of these wrongful acts, Plaintiff is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

55.     Defendants' aforesaid conduct has enabled Defendants to earn profits to which they are not in law, equity, or good conscience entitled, and has unjustly enriched Defendants, all to their profit and Plaintiff's damage and detriment.

56.     Upon information and belief, Defendants' adoption and use of the Infringing Mark was willful, in bad faith, and intended for the purpose of trading on Plaintiff's reputation and goodwill.

57.     As a direct and proximate result, Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the HONEYLOC Mark for which Plaintiff has no adequate remedy at law.

58.     As a result of Defendants' wrongful conduct, Plaintiff is also entitled to recover its monetary damages, an accounting of the Defendants' profits, and its costs, in an amount to be determined at trial.

## COUNT FOUR
### Common Law Unfair Competition

59.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-58, inclusive.

60.     By virtue of its prior adoption and use in interstate commerce of the HONEYLOC Mark in this judicial district and elsewhere, Plaintiff has acquired, established, and owns common law trademark rights in the HONEYLOC Mark, which serves to identify to the public certain goods that are offered by Plaintiff alone, and the goods offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Plaintiff.

61.     Defendants' use of the HONEYLOC Mark infringes Plaintiff's exclusive rights in its protectable federally registered trademark—specifically Registration No. 6,995,843.

62.     Defendants have adopted a mark confusingly similar to the HONEYLOC Mark and use the mark in commerce in connection with the sale, offering for sale, or advertising of their own goods and services without authorization, for the calculated purpose of passing off their goods as those of Plaintiff, or trading upon Plaintiff's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendants' goods. Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods.

63.     Defendants' aforesaid conduct constitutes unfair competition in violation of the common law of the state of Georgia.

64.     Defendants' aforesaid conduct has enabled Defendants to earn profits to which Defendants are not in law, equity, or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Plaintiff's damage and detriment.

65.     Upon information and belief, Defendants' unauthorized adoption and use of the HONEYLOC Mark was willful and intended for the purpose of trading off of Plaintiff's reputation and goodwill.

66.     Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the HONEYLOC Mark for which Plaintiff has no adequate remedy at law.

67.     Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

68.     As a result of Defendants' wrongful conduct, Plaintiff is also entitled to recover its monetary damages, Defendants' profits, and its costs and attorneys' fees, in an amount to be determined at trial.

## COUNT FIVE
### Unfair and Deceptive Trade Practices in Violation of the Uniform Deceptive Trade Practice Act ("UDTPA"), Ga. Code Ann. § 10-1-370, *et seq*.

69.     Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-68, inclusive.

70.   By virtue of its prior adoption and use in interstate commerce of the HONEYLOC Mark in this judicial district and elsewhere, Plaintiff has acquired, established, and owns common law trademark rights in the HONEYLOC Mark, which serves to identify to the public certain goods that are offered by Plaintiff alone, and the goods offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Plaintiff.

71.   Defendants' use of the HONEYLOC Mark infringes Plaintiff's exclusive rights in its protectable federally registered trademark—specifically Registration No. 6,995,843.

72.   Defendants have adopted a mark confusingly similar to the HONEYLOC Mark and uses the mark in commerce in connection with the sale, offering for sale, or advertising of their own goods without authorization, for the calculated purpose of passing off their goods as those of Plaintiff, or trading upon Plaintiff's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendants' goods. Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods.

73.   By their actions described above, Defendants have engaged, and are engaging, in unfair methods of competition in or affecting commerce, and unfair or

deceptive actions or practices in or affecting commerce and are substantially injurious to Plaintiff and consumers in Georgia, all in violation of Ga. Code Ann. § 10-1-370 *et seq.*

74.    Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the HONEYLOC Mark for which Plaintiff has no adequate remedy at law.

75.    Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

76.    As a result of Defendants' willful and intentional misconduct, Plaintiff is also entitled to recover costs and reasonable attorneys' fees, in an amount to be determined at trial.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged in Counts One through Five of this Complaint, Plaintiff respectfully prays that:

A.    The Court enter judgment that Defendants, as a result of their unauthorized use of the Infringing Mark, have:

1. Infringed Plaintiff's rights in the federally registered HONEYLOC Mark in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1) and the common law of the State of Georgia;

2. engaged in the false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), and the common law of the State of Georgia; and

3. engaged in unfair and deceptive trade practices in violation of Georgia's Uniform Deceptive Trade Practices Act ("UDPTA"), Ga. Code Ann. § 10-1-370 *et seq.*

B.     The Court enter a preliminary and, thereafter, permanent injunction, enjoining Defendants and each of their divisions, related companies, officers, directors, agents, servants, employees, and all those persons in concert or participation with each of them, from:

1. using or authorizing the use of the HONEY LOCS mark, in any form, or in any manner, or otherwise infringing the HONEYLOC Mark;

2. passing off, or inducing or enabling others to sell or pass off any goods which are not authorized by Plaintiff for goods sponsored or endorsed by, associated or affiliated with Plaintiff;

3.  otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Plaintiff in any manner;

4.  otherwise falsely representing themselves as being connected with, sponsored by, or associated with Plaintiff, including through the use of any indicia of such an association; and

5.  otherwise engaging in deceptive trade practices or unfair competition which in any way injures Plaintiff.

C.   Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendants be directed to deliver to Plaintiff proof of the destruction of all products, advertising, packaging, promotional materials, or other materials bearing the HONEY LOCS mark;

D.   Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117, an accounting be had and judgment rendered against Defendants for both: (1) the profits, gains, and advantage derived from their wrongful actions and (2) the damages sustained by Plaintiff as a result of Defendants' actions, including lost sales, price erosion, injury to goodwill, diminution of value of the mark, corrective advertising, and reasonable royalties with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendants' actions;

E.     Defendants be required to pay Plaintiff's actual damages, enhanced damages, and punitive damages, where provided by law, in light of the willful and intentional nature of their actions;

F.     Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117(a), Defendants be required to pay Plaintiff both the costs of this action and the reasonable attorneys' fees Plaintiff has incurred in connection with this action; and

G.     The Court grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted, this 30th day of April, 2024.

*/s/ Byung J. "BJay" Pak*

Byung J. "BJay" Pak
bjay.pak@alston.com
Georgia Bar No. 559457
Robert L. Lee
bob.lee@alston.com
Georgia Bar No. 443978
Katie H. Hall
katie.hall@alston.com
Georgia Bar No. 143846
Ashleigh B. Harris
ashleigh.harris@alston.com
Georgia Bar No. 596974
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street NE
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiff PureO Natural
Products LLC*